**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MCCORMICK, et al.,<br><br>                     Plaintiffs,<br><br>vs.<br><br>EXECUTIVE TRUSTEE SERVICES, et al.,<br><br>                     Defendants. | Case No. 2:09-cv-02331-JCM-PAL<br><br>**ORDER**<br><br>(Mtn for Order - Dkt. #38) |

This matter is before the court on Plaintiffs John and Colleen McCormick's Motion for Order (Dkt. #38) filed May 18, 2010. On June 3, 2010, Defendants filed a Joint Response (Dkt. #41) to the Motion. The court has considered the Motion and the Response.

Plaintiffs are proceeding *pro se* and seek to prevent non-judicial foreclosure on their property, located at 1064 Canosa, Las Vegas, Nevada 89104. Plaintiffs' Motion asserts that there is a conflict of interest among the Defendants, and defense counsel should not be permitted to represent the Defendants jointly. Plaintiffs point out that Defendant Residential Capital Corporation, David A. Marple, and the Doe Defendants are the bearers of their mortgage, while Defendant GMAC claims standing to foreclose but not ownership of the mortgage, and Defendant MERS has a corporate policy against initiating foreclosure. Plaintiffs assert that because Defendants have divergent interests, Defendants do not have standing to foreclose upon their home.

Defendants respond that joint representation of Defendants is permitted by Rule 1.7 of the Nevada Rules of Professional Conduct, and here there is no actual conflict of interest. Citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) and *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. County*, 124 Nev. 44, 55 (Nev. 2007), Defendants assert that Plaintiffs do not have standing to assert a conflict of interest exists among the Defendants such that disqualification of

counsel should occur. Lastly, Defendants assert the case Plaintiffs rely on to support their position is inapposite and not binding on this court.

In making determinations regarding disqualification, the court applies the Nevada Rules of Professional Conduct. *See, e.g., Amgen, Inc. v. Elanex Pharmaceuticals, Inc.*, 160 F.R.D. 134 (1994) (*citing Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)) (stating, "In deciding whether to disqualify counsel, the Court looks to the local rules regarding the conduct of members of its bar") (applying the Washington Rules of Professional Conduct in the federal district court situated in Washington). The Nevada Supreme Court has held that in order to disqualify counsel, the party seeking disqualification must first have had an attorney-client relationship with the lawyer. *See, e.g., Nevada Yellow Cab Corp.*, 123 Nev. at 50. Here, Plaintiffs are appearing *pro se*, and they do not allege they have ever been in an attorney-client relationship with defense counsel. Thus, they do not have standing to seek to disqualify defense counsel from joint representation of Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Order (Dkt. #38) is DENIED.

Dated this 23rd day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE