UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN and COLLEEN MCCORMICK,

    Plaintiffs,

v.

EXECUTIVE TRUSTEE SERVICES, et al.,

    Defendants.

2:09-CV-2331 JCM (PAL)

**ORDER**

Presently before the court are defendants' motion to dismiss the second amended complaint, or in the alternative, for summary judgment (doc. #47), defendants' motion to strike claim for punitive damages (doc. #48), and defendants' motion to expunge lis pendens (doc. #49). Plaintiffs have filed a response (doc. #52), to which defendants have replied (doc. #53).

Plaintiff, John McCormick, in *pro per*, filed his complaint (doc. #1) on December 9, 2009, in an effort to stall non-judicial foreclosure of plaintiffs' property located at 1064 Canosa, Las Vegas, Nevada 89104 ("subject property"). Plaintiff alleged violations of the Home Ownership Equity Protection Act ("HOEPA"), Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), Fair Credit Reporting Act ("FRCA"), along with claims for fraudulent misrepresentation, breach of fiduciary duty and unjust enrichment.

Plaintiffs filed a first amended complaint ("FAC") (doc. #10) on February 4, 2010, adding Colleen McCormick as a party, eliminating plaintiffs' claim for a violation of HOEPA and adding a claim for tortious interference. In addition to the FAC, plaintiffs filed a lis pendens. This court

**James C. Mahan**
**U.S. District Judge**

1  granted plaintiffs request for leave to file their second amended complaint ("SAC") on June 8, 2010
2  (doc. #31).
3       The SAC alleges seven causes of action: (1) violation of RESPA; (2) violations of TILA; (3)
4  violation of FCRA; (4) fraudulent misrepresentation; (5) fraudulent usurpation of position; (6) unjust
5  enrichment; and (7) tortious interference. Plaintiffs also seek injunctive relief to stop the non-judicial
6  foreclosure and declaratory relief. Plaintiffs pray for compensatory and punitive damages.

7       I.    MOTION TO DISMISS

8       Federal Rule of Civil Procedure ("FRCP") 12(b)(6) requires plaintiffs to allege facts which,
9  if true, would provide adequate grounds for relief. Legal conclusions can only provide the
10 "framework," and "must be supported by actual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950
11 (2009). Additionally, under FRCP 8(a), the complaint must contain a "short and plain statement of
12 the claim showing that the pleader is entitled to relief." Therefore, to survive a motion to dismiss,
13 a complaint must contain sufficient factual matter "…to state a claim for relief that is plausible on
14 its face [i.e. enough factual content to allow the court to draw the reasonable inference that the
15 defendant is liable for the misconduct alleged]." *Iqbal*, 129 S.Ct. at 1949 (2009). Additionally, a
16 complaint's factual allegations must be sufficient to "raise the right to relief above a speculative
17 level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

18      Here, plaintiffs' first claim alleges a violation of RESPA based on the defendants' acceptance
19 of closing fees and a 2.5% yield spread premium. The Ninth Circuit has held that yield spread
20 premiums are not automatically a violation of RESPA and are defined as "payments by the lender
21 to a mortgage broker on an 'above par' loan brought to the lender by the broker." *Schuetz v. Bank*
22 *One Mortgage Co.,* 292 F.3d 1004, 1006 (9th Cir. 2002). Therefore, the defendants did not violate
23 RESPA by accepting fees in exchange for services. Accordingly, plaintiffs have not stated an
24 actionable claim for a violation of RESPA.

25      Plaintiffs' second claim alleges a violation of TILA. Plaintiffs provide no notice or
26 explanation of what they claim is "irregular" with respect to respect to TILA. Therefore, plaintiffs
27 have failed to establish that defendants did not provide the TILA required disclosures.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Plaintiffs' third claim alleges a violation of FCRA. Plaintiffs admit that they are not current
2 on their mortgage. Furthermore, plaintiffs do not identify which defendants made the purportedly
3 erroneous reports, the dates and contents of the alleged reports, or the identity of specific credit
4 reporting agencies. Furthermore, plaintiffs do not allege that they provided the credit reporting
5 agencies any notice of dispute. Thus, if the defendants indeed reported negative information to one
6 or more credit reporting agencies, the reports were likely appropriate. Therefore, plaintiffs fail to
7 state a claim for violation of FRCA.

8    Plaintiffs' fourth claim alleges fraudulent misrepresentation. This claim is time barred. The
9 statute of limitations for a claim for fraud is three years. NRS 11.190(3)(d). Plaintiffs claim arises
10 from a situation in June, 2006. Plaintiffs filed their original complaint on December 9, 2009, more
11 than three years after the alleged fraud. Therefore, plaintiffs' fourth claim is time barred and must
12 be dismissed as a matter of law.

13    Plaintiffs' fifth claim alleges fraudulent usurpation of position and asserts that MERS has no
14 authority to enforce the deed of trust as the lender's nominee. However, plaintiffs expressly granted
15 MERS authority by executing the deed of trust, which explicitly states that MERS is the beneficiary
16 of the security interest. Thus, plaintiffs contracted for MERS to have the authority to enforce the
17 deed of trust as the lender's nominee. There was no fraudulent usurpation.

18    Plaintiffs' sixth claim alleges unjust enrichment. There can be no unjust enrichment claim
19 between parties to an express contract. *U.S. for Use of Westinghouse Elect. Supply Co. v. Ahern* 231
20 F.2d 353, 356 (9th Cir. 1955). Here, the note and deed of trust are express contracts between the
21 parties. Thus, plaintiffs' claim for unjust enrichment cannot stand.

22    Plaintiffs' seventh claim alleges tortious interference stemming from defendants' alleged
23 conspiracy to interfere with their "right" to renegotiate their mortgage with the holder in due course.
24 The contract at issue was formed by the promissory note and deed of trust that contain no "right" to
25 renegotiate the terms of the contract and expressly authorizes non-judicial foreclosure in the event
26 of plaintiffs' default. Therefore, plaintiffs have failed to state a claim for tortious interference.

27    Therefore, plaintiffs' second amended complaint shall be dismissed.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

II.    MOTION TO EXPUNGE LIS PENDENS

NRS § 14.010(2) allows a notice of pendency or lis pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending." When the underlying claims or litigation upon which a lis pendens is resolved, the lis pendens expires in that there is no pending litigation that can serve as its basis.

Here, defendants' motion to dismiss is granted. Therefore there is no longer a basis for the lis pendens and it shall be expunged.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion to dismiss second amended complaint (doc. #47) is hereby GRANTED.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that defendants' motion to strike claim for punitive damages (doc. #48) is DENIED as moot.

IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT defendants' motion to expunge lis pendens (doc. #49) is hereby GRANTED.

DATED August 23, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -